# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0785 | **DATE** | 2-12-12 |
| **CASE TITLE** | Sedric Harris (#2010-0220172) v. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#4] is denied for the reasons given in this order. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. This case is terminated. Plaintiff's motion for appointment of counsel [#3] is denied as moot.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff, a pre-trial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated, Plaintiff's motion to *proceed in forma* pauperis is denied and Plaintiff's complaint is dismissed for failing to state a claim for which relief may be granted.

Pursuant to 28 U.S.C. § 1915, which allows a plaintiff to proceed *in forma pauperis*, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff alleges that the City of Chicago, Chicago Police Officers McNulty, Oliver, Dear, Morgan, Crotty, unnamed Chicago Police Detectives, and non-state actors Daniel Pilcher and Pet Stuff, Inc. have violated his constitutional rights relating to the criminal investigation and regarding his prosecution in state court on criminal charges. With respect to his Public Defender Monica Johnson, he alleges that she has provided him with ineffective assistance of counsel by failing to adequately investigate the charges that have been brought against him. Plaintiff's claims all stem from his on-going state-criminal proceedings. Plaintiff seeks compensatory damages from the Defendant for allegedly violating his rights.

Plaintiff's state criminal proceedings are still ongoing. The alleged "unconstitutional conduct" may continue to be litigated in state court (*i.e.*, seeking removal of appointed counsel) and may be further litigated either on his direct appeal or in other collateral state proceedings. A federal court may not interfere with state criminal proceedings, and abstention is appropriate when a plaintiff invokes federal jurisdiction for the purpose of restraining or otherwise interfering with state criminal proceedings. *See Younger v. Harris*, 401 U.S. at 53; *Douglas v City of Jeannette*, 319 U.S. 157 (1943); *Simpson v. Rowan*, 73 F.3d 134, 138-9 (7th Cir. 1995).
**(CONTINUED)**

AWL

## STATEMENT

     A plurality of federal courts have extended the *Younger* abstention doctrine to cases such as this when a plaintiff is seeking money damages. *See Simpson*, 73 F.3d at 137-8. Under the circumstances of this case, the Court finds that it must abstain from deciding any issues related to Plaintiff's present claims because they are intricately related to his state-criminal proceedings.

     Based on the above, Plaintiff's complaint is dismissed without prejudice to reinstate when the claims are no longer barred by the *Younger* doctrine. *See Baltimore & Ohio Chicago Terminal R.R. Co. v. Wisconsin Central Ltd.*, 154 F.3d 404, 408 (7th Cir. 1998) ("we treat a dismissal with leave to reinstate as if it were a stay"). Plaintiff, should he choose to, shall file a motion seeking to reinstate the present case when his claims are no longer barred by the *Younger* doctrine. Plaintiff's motion for appointment of counsel is denied as moot.

2012 FEB 13 PM 4:41
U.S. DISTRICT COURT